CHEVRON U.S.A., INC., PLAINTIFF–RESPONDENT, v. CITY OF PERTH AMBOY, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued November 6, 1989—Decided December 1, 1989.

Before Judges COLEMAN, BRODY and MUIR.

*Leo Rosenblum* argued the cause for appellant (*Rosenblum & Rosenblum*, attorneys; *Leo Rosenblum*, of counsel and on the brief).

*Robert J. Cirafesi* argued the cause for respondent (*Wilentz, Goldman & Spitzer*, attorneys; *Robert J. Cirafesi*, of counsel and on the brief).

PER CURIAM.

The City of Perth Amboy appeals from a judgment of the Tax Court. The Tax Court judge framed the issue of the case as whether the real property at plaintiff's refinery in Perth Amboy was, pursuant to *N.J.S.A.* 54:4–23, properly assessed for local tax purposes for the tax years of 1984 and 1985, and, if not, what the appropriate assessments should be. The judge concluded the City had over-assessed the real property. He set the assessable values, in the aggregate, as:

|  | 1984 |  |  | 1985 |
|---|---|---|---|---|
| Land | $ 3,426,000 | | Land | $ 2,964,300 |
| Improvement | 54,191,000 | | Improvement | 45,189,400 |
| Total | $57,617,000 | | Total | $48,153,700 |

The City, on this appeal, argues:

POINT I: CHEVRON FAILED TO DISCHARGE ITS BURDEN OF PROOF TO ESTABLISH BY COMPETENT, DEFINITE AND POSITIVE TESTIMONY

THAT ITS REFINERY COULD ONLY PRODUCE ASPHALT IN THE FUTURE. AS A RESULT, VALUATIONS BASED UPON THIS CONCEPT ARE ERRONEOUS AND SHOULD BE SET ASIDE.

POINT II: CHEVRON'S EXPERT APPRAISER ERRONEOUSLY VALUED A GREAT PART OF THE REFINERY'S IMPROVEMENTS BY UNORTHODOX AND UNACCEPTABLE PROCEDURES AND HIS RESULTING VALUATIONS WERE ERRONEOUSLY ACCEPTED BY THE TRIAL COURT.

These contentions raise no issue as to the assessable value of the land. Thus, our review relates only to the assessable value of the improvements.

We have analyzed the record in light of the contentions and applicable principles of law. We find the City's contentions clearly without merit. *R.* 2:11–3(e)(1)(A), (E).

Accordingly, we affirm for the reasons set forth in Judge Andrew's comprehensive written opinion.[1]

Affirmed.

---

[1]The dispute between the parties had an extensive procedural history. In *Chevron U.S.A., Inc. v. Perth Amboy,* 9 *N.J.Tax* 205 (1987), the Tax Court, sitting *en banc,* held certain tankage and refinery processing units taxable as real property to be included in Perth Amboy's local property tax base for the years 1984 and 1985. *Id.* at 244. As part of that case, the Tax Court determined that, in spite of renovations in 1975 and 1976, by the early 1980's, most of the refinery was technically and thus economically outmoded and obsolete. *Id.* at 208.

In a second opinion, at 9 *N.J.Tax.* 571 (1988), the Tax Court concluded Chevron's pollution control equipment was also subject to taxation for local tax purposes.

Chevron took no appeal from either ruling.