ANDREW, P.J.T.C.
This is the adjourned return day of a notice of motion by plaintiff, DSC of Newark Enterprise, Lamitex, Inc. and CRD Realty, in which plaintiff seeks an order from this court establishing the correct amount of tax refund to which plaintiff is entitled as a result of judgments entered by the Tax Court reducing plaintiffs local property tax assessments for the tax years of 1994, 1995, and 1996. In the alternative, plaintiff asks that the court schedule the sewer dispute between the parties for a hearing after the parties have had the opportunity to conduct discovery. Plaintiff asserts that it brings the present motion under the authority of R. 8:9-4 of the rules of the Tax Court.
After a thorough review of the papers submitted by the parties and the applicable authorities, it is my view, for reasons to be hereinafter stated, that the Tax Court does not have jurisdiction over the issue presented in plaintiffs motion and that R. 8:9-4 is not applicable to resolve plaintiffs dispute with defendant, South Plainfield Borough.
*512 The relevant facts giving rise to the present dispute are as follows. On January 14, 1997, pursuant to a settlement between the parties, the Tax Court entered two judgments which reduced the local property tax assessments on plaintiffs properties in South Plainfield for the tax years 1994, 1995, and 1996. The reduction in assessment at the applicable tax rates for each of the three tax years produced a refund due plaintiff of $50,930. Both plaintiff and defendant agree that this is the total refund due as a consequence of the 1994, 1995, and 1996 Tax Court judgments. There is absolutely no dispute as to that calculation.
The dispute arises because defendant, South Plainfield Borough, claims that plaintiff has a delinquency in the amount plaintiff owes to defendant for sewer use. Defendant calculates this delinquency to be $42,047.88. Plaintiff vehemently denies that there is any sewer use delinquency.
Nevertheless, South Plainfield notified plaintiff that there was a delinquency and that the borough was going to apply the disputed delinquency of $42,047.88 against the undisputed refund of $50,930 and send plaintiff the remainder or $8,882.12, all under the authority of N.J.S.A. 54:4-134. N.J.S.A 54:4-134 permits a municipality to apply a property tax refund against delinquent “property taxes, water or sewer payments, or parking or payroll taxes.”
Plaintiff, through its attorney’s certification, denies that there are any sewer charges due and owing to South Plainfield. (As an aside, I must comment parenthetically on the fact that the certification by plaintiffs counsel in this regard does not comport with R. 1:6-6 which requires certifications to be on personal knowledge). Plaintiff, through its attorney’s certification, again apparently not made on personal knowledge, asserts that it did receive a notice of alleged sewer deficiencies with an “estimated” bill in January 1996.
In October 1996, plaintiff requested of the township attorney a detailed explanation of the sewer charge and its basis. Plaintiff maintains that the township did not provide the requested information.
*513 South Plainfield maintains that plaintiff has not been receiving the correct sewer bills from South Plainfield since 1984 because the sewer metering device at plaintiffs property was not properly installed. According to the borough, despite numerous requests by the borough, plaintiff has refused to install another metering device which would properly measure sewer usage.
Since plaintiff would not install another meter, the borough, in an effort to produce what it considered to be correct sewer bills, reviewed the sewer bills of other industrial properties with similar use and calculated what the appropriate billing for plaintiffs property would be for six quarters beginning January 1996. The quarterly calculation was $7,007.98 which when multiplied by six quarters produced $42,047.88, the amount South Plainfield claims is due and owing to it by plaintiff.
I have been advised by the parties that the borough has sent a check to plaintiff for the difference between the undisputed tax refund of $50,930 and the claimed sewer delinquency of $42,047.88 which is $8,882.12.
Plaintiff now moves before this court for an order establishing the correct amount of plaintiffs refund of taxes or, in the alternative, plaintiff asks this court to permit the parties to engage in discovery and then set a hearing date with respect to the sewer charges claimed by South Plainfield.
As can be seen readily, the relief requested by plaintiff has absolutely nothing to do with the correct calculation of the tax refund due plaintiff. That amount is $50,930 which is not disputed by either party. As I have already indicated, the dispute focuses on the claimed or estimated sewer charges imposed by South Plainfield. This court has no authority to adjudicate sewer charge disputes. Those disputes are reserved for the Superior Court. See the Municipal and County Sewerage Act, N.J.S.A 40A:26A-1 et seq., and in particular N.J.S.A 40A:26A-12, which provides that sewer charges shall be a lien or charge against the property benefited and that hens are enforceable in the manner provided for in N.J.S.A 54:5-1 et seq., known as the “Tax Sale Law.” In *514 each instance in which the Tax Sale Law mentions the jurisdiction of the courts, the Superior Court is named as the court to which a property owner must resort. See N.J.S.A 54:5-86 (action to foreclose the right to redeem); N.J.S.A 54:5-100 (attack on validity of tax sale), and N.J.S.A 54:5-105 (cancellation of tax sale certificates).
The Tax Sale Law repeatedly makes reference to the jurisdiction of the Superior Court in tax sale proceedings for good reason. Our State Constitution grants to the Superior Court, “original general jurisdiction throughout the State in all causes.” N.J. Const., Art. VI, § 3, H 2. Therefore, the Superior Court is presumed to have jurisdiction in all causes, unless the Legislature has specifically reserved jurisdiction to a court of limited jurisdiction, in which case the original general jurisdiction of the Superior Court would not extend into the jurisdiction of the other courts with limited jurisdiction. Borawick v. Barba, 7 N.J. 393, 409-10, 81 A.2d 766 (1951).
Conversely, the Tax Court is a court of limited jurisdiction established pursuant to Art. VI, § 1, H 1 of our State Constitution. N.J.S.A 2B:13-1a. The jurisdiction of the Tax Court is set out at N.J.S.A 2B:13-2, which provides:
a. The Tax Court shall have jurisdiction to review actions or regulations with respect to a tax matter of the following:
(1) Any state agency or official;
(2) A county board of taxation;
(3) A county or municipal official.
b. The Tax Court shall have jurisdiction over actions cognizable in the Superior Court which raise issues as to which expertise in matters involving taxation is desirable, and which have been transferred to the Tax Court pursuant to the rules of the Supreme Court.
c. The Tax Court shall have jurisdiction over any other matters as may be provided by statute.
d. The Tax Court jurisdiction shall include any powers that may be necessary to effectuate its decisions, judgments and orders.
[Emphasis added.]
Conspicuously absent from N.J.S.A 2B:13-2 is any mention of the jurisdiction of the Tax Court over sewer charges or sewer disputes. As a court of limited jurisdiction, the Tax Court can *515 “exercise only that jurisdiction which the Legislature has seen fit to confer upon it.” Alid. Inc. v. North Bergen Tp., 180 N.J.Super. 592, 601, 436 A.2d 102 (App.Div.1981).
Plaintiff, however, claims that the Tax Court has jurisdiction over the present dispute under N.J.S.A. 2B:13-2a, specifically that portion of the statutory provision which grants the Tax Court jurisdiction to review “actions ... with respect to a tax matter of ... [a] municipal official.” Since South Plainfield refuses to issue a full refund of property taxes in the amount of $50,930, plaintiff claims that the present dispute is a “tax matter” that has resulted from the action of a municipal official in setting off the claimed delinquent sewer charges against the refund due plaintiff.
The short response to plaintiffs contention is that a dispute over sewer charges is not a “tax matter.” Sewer charges are simply not taxes. The tax matter which plaintiff claims gives rise to Tax Court jurisdiction was concluded when the Tax Court issued final judgments on January 17, 1997. If there were a dispute with respect to the calculation of the tax refund due plaintiff as a result of the judgments, the issue could be resolved in the Tax Court pursuant to N.J.S.A. 2B:13-2d. which permits the Tax Court to effectuate its judgments.
Plaintiff readily concedes, however, that the calculation of the tax refund is not at issue. Both plaintiff and the borough agree that the correct amount of the tax refund based on the assessment reductions provided by the Tax Court judgments is $50,930. Plaintiff questions the borough’s decision to apply the proceeds from the refund towards delinquent sewer charges in accordance with N.J.S.A. 54:4-134. That statute authorizes a municipality to apply a tax refund toward the satisfaction of delinquent municipal charges, in this ease, sewer charges.
The borough’s election to apply approximately 80% of the $50,930 refund due plaintiff to satisfy delinquent sewer charges under N.J .S.A 54:4-134 does not change the calculation of the tax refund due plaintiff. The present dispute is not a dispute over taxes or with respect to taxes. It is a dispute over claimed sewer charges and sewer charges are not taxes. The issue plaintiff *516 desires to litigate in the Tax Court has absolutely nothing to do with the calculation of the tax refund due plaintiff. The only issue for resolution in this matter is the correct computation or validity of the sewer charges imposed by South Plainfield.
The Legislature empowered the Tax Court with the jurisdiction to review actions or regulations of particular officials with respect to tax matters because of the presumed expertise of the judges of the Tax Court in such matters. See N.J.S.A. 2B:13-6. The judges of the Tax Court do not claim any special qualifications, knowledge, experience, or expertise in matters of sewer charges.
Curiously, plaintiff concedes in its brief that, had the borough paid to plaintiff the full amount of the tax refund, i.e., $50,930 and elected to collect the delinquent sewer charges pursuant to the Municipal and County Sewerage Act, the Tax Court would not have jurisdiction with respect to the sewer charges. Jurisdiction over sewer-charge disputes cannot be contingent upon the circumstances that give rise to a dispute as to proper calculations. A sewer-charge dispute crystallized in this instance simply because N.J.S.A 54:4-134 enables a municipality to apply the refund due from a tax appeal to satisfy unpaid sewer charges. The borough’s election of N.J.S.A. 54:4-134' as a collection remedy- cannot change the fundamental nature of the present dispute nor can it effect a change in the jurisdiction of the Tax Court with respect to sewer charges.
Plaintiffs reliance upon R. 8:9-4 for relief in this motion simply misses the mark. R. 8:9-4 is irrelevant to the present dispute. The predicate for the use of R. 8:9-4 is R. 8:9-3. R. 8:9-3 provides:
Where a judge of the Tax Court has rendered an opinion, entry of judgment may be withheld to allow the parties to submit computations pursuant to the determination of the issues showing the correct amount of assessment deficiency, overpayment or underpayment. If the parties are in agreement as to the amount of the assessment deficiency, overpayment or underpayment to be incorporated in the judgment, they shall submit the agreed computations to the court.
[Emphasis added.]
In turn, R. 8:9-4 provides:
*517 If the parties are unable to agree as to the amount of the assessment deficiency, overpayment or underpayment, the parties shall, on notice to the adverse party, submit proposed computations to the court. The court may then rule on the submissions or place the matter upon the motion calendar for disposition.
These rules operate in combination and permit the Tax Court judge to render a determination as to the issues involved in a tax proceeding without specifically making the precise mathematical calculations and, if the parties are unable to agree on the calculations, to seek the aid of the judge in formalizing the final computations. This is all done, however, prior to the entry of judgment because the judgment to be entered will recite the specific numbers resulting from the required calculations or allocations. For example, in a local property tax case involving ten parcels and consequently ten different assessments, a Tax Court judge may determine the appropriate assessment in the aggregate and leave the allocation of the individual assessments to the parties.
If, however, the parties are unable to agree, then under R. 8:9-4 the Tax Court judge will make the allocation. See Chevron USA Inc. v. Perth Amboy, 10 N.J.Tax 114, 152-53 (Tax 1988), aff'd, 237 N.J.Super. 280, 567 A.2d 597 (App.Div.1989), certif. denied, 121 N.J. 628, 583 A.2d 324 (1990). The comment to R. 8:9-3 and R. 8:9-4 makes this perfectly clear. “R. 8:9-3 and R. 8:9-4 provide an opportunity in complex cases, generally those involving quantum valuation determinations in respect to multiple parcels, for the parties to make their own computations pursuant to the determination. An inability of the parties to agree will invoke the provisions of R. 8:9-4.” Pressler, Current N.J. Court Rules, comment 3 on R. 8:9-3 and R. 8:9-4 (1997).
In this proceeding, plaintiff is not asking this court to make calculations so that a judgment can be entered in the Tax Court. Tax Court judgments have already been entered. Instead, plaintiff claims that the borough by applying the delinquent sewer charge to the tax refund and paying only the difference to plaintiff, has made an “underpayment” to plaintiff and, therefore, the Tax Court has jurisdiction to determine the correctness of the “underpayment.”
*518 To begin -with, the. court rule cannot expand the jurisdiction of the Tax Court. That can only come from the Legislature. Secondly, R 8:9-3 and R 8:9-4, if read reasonably and realistically, cannot possibly cover the present situation. The words “overpayment” or “underpayment” as used in the rules relate to the original taxes, ie., whether the taxpayer overpaid or underpaid the taxes originally assessed. It is the amount of that overpayment or underpayment that is to be included in the Tax Court judgment. Here, there was an overpayment of the original taxes by plaintiff. The judgments entered by the Tax Court reduced plaintiffs property tax assessments and created a tax refund due plaintiff. As I have said previously, South Plainfield does not deny that plaintiff is due a tax refund of $50,930. South Plainfield has simply exercised its option under N.J.S.A 54:4-134 to apply $42,047.88 of that refund to satisfy plaintiffs, albeit disputed, delinquent sewer charges. Within the meaning of the rule there is no “underpayment” in this case which would trigger the action of the Tax Court.
Plaintiff contends that it is not delinquent in paying its sewer charges and contests the computations made by South Plainfield in this regard. Thus plaintiff, in actuality, wants to litigate the appropriateness of the estimated sewer charges imposed by the borough. That is an issue over which this court has no jurisdiction. As I have already noted, the Superior Court appears to be the proper forum in which to litigate the issue of sewer charges.
One additional point requires brief mention. Plaintiff contends, in an alternative argument, that if the Tax Court does not have jurisdiction with respect to sewer-charge disputes that it could file a complaint in the Superior Court and seek a transfer of that matter to the Tax Court pursuant to N.J.S.A 2B:13-2b. N.J.S.A. 2B:13-2b provides:
The Tax Court shall have jurisdiction over actions cognizable in the Superior Court which raises issues as to which expertise involving taxation is desirable, and which have been transferred to the Tax Court pursuant to the Kules of the Supreme Court.
Plaintiff maintains, without any support, that the present sewer-charge dispute is an issue “as to which expertise involving taxation *519 is desirable,” and therefore, if plaintiff instituted a Superior Court action it could readily be transferred to the Tax Court. I have already noted that judges of the Tax Court do not have expertise in sewer-charge disputes. Whether a sewer-charge dispute is an issue as to which expertise in taxation is desirable is questionable because it is not clear how a tax background assists one in readily deciding a sewer-charge dispute. The considerations involved in sewer-charge disputes are not akin to tax matters.
In any event, that decision should await the filing of a complaint in the Superior Court and a motion for transfer pursuant to N.J.S.A. 2B:13-2b. At the very least, plaintiff should be required to pay the requisite filing fee. See Sutton Warehousing v. Director, 290 N.J.Super. 686, 690-91, 676 A.2d 615 (App.Div.1996).
For the reasons I have expressed, I conclude that the Tax Court does not have jurisdiction in this matter. Therefore, plaintiffs motion is denied.