**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF**
**THE TAX COURT COMMITTEE ON OPINIONS**

| | |
|---|---|
| WESTERHOLD, JOHN A. & LORI R. BY JOHN A. AND LORI R. WESTERHOLD, OWNER, <br><br> Plaintiff, <br><br> -v.- <br><br> TOMS RIVER TOWNSHIP, et al., <br><br> Defendant. | TAX COURT OF NEW JERSEY DOCKET NOS. 008087-2022 <br> 007534-2023 <br><br> ┌─────────────────┐ <br> Approved for Publication <br> In the New Jersey <br> Tax Court Reports <br> └─────────────────┘ |
| WESTERHOLD, JOHN A. & LORI R. BY JOHN R. AND LORI R. WESTERHOLD, OWNER, <br><br> Plaintiff, <br><br> -v.- <br><br> TOMS RIVER TOWNSHIP, et al., <br><br> Defendant. | TAX COURT OF NEW JERSEY DOCKET NOS. 009583-2022 <br> 007535-2023 |
| WESTERHOLD, JOHN A. & LORI R. BY JOHN R. AND LORI R. WESTERHOLD, OWNER, <br><br> Plaintiff, <br><br> -v.- <br><br> BRICK TOWNSHIP, <br><br> Defendant. | TAX COURT OF NEW JERSEY DOCKET NOS. 010281-2020 <br> 010282-2020 |

| | |
|---|---|
| WESTERHOLD, JOHN A. & LORI R. BY JOHN R. AND LORI R. WESTERHOLD, OWNER, <br><br>               Plaintiff, <br><br>       -v.- <br><br> BRICK TOWNSHIP, NORMANDY BEACH ASSOC, INC., <br><br>               Defendant. | TAX COURT OF NEW JERSEY DOCKET NOS. 008086-2022               007536-2023 |
| WESTERHOLD, JOHN A. & LORI R. BY JOHN R. AND LORI R. WESTERHOLD, OWNER, <br><br>               Plaintiff, <br><br>       -v.- <br><br> BRICK TOWNSHIP, NORMANDY BEACH ASSOCIATION, INC., <br><br>               Defendant. | TAX COURT OF NEW JERSEY DOCKET NOS. 008085-2022               007532-2023 |

Decided: February 20, 2024

Paul Tannenbaum, Peter Zipp, Michael Kurpiewski, for plaintiffs (Zipp & Tannenbaum, attorneys).

Kelsey A. McGuckin-Anthony, for defendant Toms River Township (Dasti, Murphy, Ulaky, Loutsouris & Connors, attorneys).

Scott W. Kenneally, for defendant Brick Township (Starkey, Kelly, Kenneally, Cunningham, et al. attorneys)

2

FIAMINGO, J.T.C.

Pending before the court are the motions of defendants, Township of Toms River ("Toms River") and Township of Brick ("Brick") (and "defendants" collectively), to dismiss the tax appeals filed by John A. Westerhold and Lori R. Westerhold ("plaintiffs") challenging the local property tax assessments imposed upon property owned by unrelated third parties ("third party appeals") in the Tax Court of New Jersey.[1]

The court finds that the third party appeals filed by plaintiffs in the Tax Court for tax year 2020 are cognizable in the Tax Court under N.J.S.A. 54:3-21 as in effect at the time the 2020 appeals were filed. As a result, the court denies Brick's motion to dismiss the tax appeals brought in the Tax Court under docket numbers 010281-2020 and 010282-2020.

The court further finds that as a result of the amendment to N.J.S.A. 54:3-21 the third-party appeals filed by plaintiffs for tax years 2022 and 2023 are not

---

[1] Defendants also filed motions to dismiss certain actions in lieu of prerogative writ filed by plaintiffs in Superior Court, Law Division, Ocean County under Docket Nos. OCN-L 000492-22 and OCN-L-849-23. The undersigned judge was temporarily assigned to the Law Division for the purpose of resolving those matters. The court's decision to deny the motions filed by defendants to dismiss such actions is the subject of an unpublished decision rendered by the court.

cognizable in the Tax Court. Therefore, those matters are transferred to the Superior Court of New Jersey, Law Division, pursuant to R. 1:13-4(a).[2] [3]

I. **Facts and Procedural History**

A. The Brick appeals

In or about March 2020, plaintiffs filed a petition of appeal with the Ocean County Board of Taxation ("County Board") of the tax year 2020 local property tax assessment with respect to the real property identified as "Beach", Tax Lot 1 in Block 1 on the Tax Map of Brick Township. In or about June 2020 plaintiffs filed a petition of appeal with the County Board of the tax year 2020 tax assessment with respect to the real property identified as 541 Broad Avenue, Tax Lot 7 in Block 19 on the Tax Map of Brick Township (the "Brick properties"). In both appeals plaintiffs contended the assessments were "less than fair assessable value."

On July 9, 2020, the County Board issued Memoranda of Judgment affirming the assessments.[4] On August 21, 2020, plaintiffs appealed those judgments to the

---

[2] A single opinion is being offered as to all matters referenced herein for administrative convenience. The actions, while not consolidated formally, involve the same cause of actions, parties, and property.

[3] Under R. 1:13-4(a), a court which lacks subject matter jurisdiction "of an action or issue therein . . . shall . . . on its own initiative, order the action, with the record and all papers on file, transferred to the proper court . . . in the State. The action shall then be proceeded upon as if it had been originally commenced in that court or agency."

[4] The Memorandum of Judgment issued with respect to Lot 1, Block 1 contained judgment code 6B – "Hearing Waived" and the Memorandum of Judgment issued with respect to Lot 7, Block 19 was 6A – "Tax Court pending for years 2016-2019."

Tax Court and the appeals were docketed as 010281-2020 and 010282-2020 (the 2020 appeals).[5]

In or about February 2022, plaintiffs filed similar petitions before the County Board for tax year 2022. The County Board issued judgments affirming the assessments, referencing Code 6A in each case on May 2, 2022. Plaintiffs filed appeals of the County Board judgments with the Tax Court on June 13, 2022, docketed as 008085-2022 and 008086-2022 (the "2022 appeals").

In or about March 2023, plaintiffs filed similar petitions to the County Board of the assessments of the Brick properties for the 2023 tax year. The County Board issued judgments on May 1, 2023, affirming the assessments, referencing Code 6A in each case. Plaintiffs appealed the judgments to the Tax Court on June 13, 2023, as docket numbers 007532-2023 and 007536-2023 (the "2023 appeals").

During all years in question the Brick properties were owned by Normandy Beach Association, Inc.

B.    The Toms River appeals

In or about February 2022 plaintiffs filed appeals to the County Board of the 2022 tax assessments for the real property owned by Normandy Beach Assoc., Inc., identified as "Normandy Beach & Ocean", Tax Lot 1 in Block 905 on the tax map

---

[5] Similarly, appeals of the 2020 tax assessments for the Toms River properties described below were also filed, however, Toms River did not file any motion to dismiss such actions. As a result those appeals are not discussed herein.

5

of Toms River, and the real property owned by Normandy Shores Beach Club, Inc., identified as 3576 Atlantic Ocean, Tax Lot 8 in Block 921.15 on the tax map of Toms River (the "Toms River properties"). The assessments for the Toms River properties were set at $0.00, which plaintiffs contended was "underassessed and error." On July 14, 2022, the County Board affirmed the assessments, referencing Code 6A and 6B respectively. On August 4, 2022, plaintiffs filed in the Tax Court appeals of the judgments of the County Board, docketed as 008087-2022 and 009583-2022 (the "2022 appeals").

In or about March 2023, plaintiffs filed similar appeals with the County Board contesting the 2023 tax assessments of the Toms River properties. On May 1, 2023, the County Board issued judgments affirming the assessments, referencing Code 6A. On June 13, 2023, plaintiffs appealed the County Board judgments to the Tax Court, which were docketed as 007534-2023 and 007535-2023 (the "2023 appeals").

II. **Conclusions of Law**

A. Amendment to third-party appeals under N.J.S.A. 54:3-21

The Tax Court is a court of limited jurisdiction, defined by statute. McMahon v. City of Newark, 195 N.J. 526, 546 (2008) (citing N.J.S.A. 2B:13-2 and Union City Assocs. v. Union City, 115 N.J. 17, 23 (1989)). For example, "[f]ailure to file a timely appeal is a fatal jurisdictional defect." F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 425 (1985) (citing Clairol v. Kingsley, 109 N.J. Super.

6

22 (App. Div.), aff'd, 57 N.J. 199 (1970), appeal dismissed, 402 U.S. 902 (1971)). This is true even in the absence of harm to the defendant municipality. Lawrenceville Garden Apartments v. Township of Lawrence, 14 N.J. Tax 285 (App. Div. 1994).

Alid, Inc. v. North Bergen Twp., 180 N.J. Super. 592 (App. Div. 1981) provides an in-depth discussion of the genesis of the Tax Court and its jurisdiction. As discussed by the court, the Tax Court's primary jurisdiction is to hear local property tax appeals and those actions previously heard by the Division of Tax Appeals. Id. at 599-601.

The within matters are local property tax appeals, colloquially referred to as "third-party appeals." As to such appeals, the provisions of N.J.S.A. 54:3-21 are controlling. Prior to February 21, 2022, N.J.S.A. 54:3-21(a) read as follows:

> a. (1) Except as provided in subsection b. of this section a taxpayer feeling aggrieved by the assessed valuation of the taxpayer's property, or feeling discriminated against by the assessed valuation of other property in the county, or a taxing district which may feel discriminated against by the assessed valuation of property in the taxing district, or by the assessed valuation of property in another taxing district in the county, may on or before April 1, or 45 days from the date the bulk mailing of notification of assessment is completed in the taxing district, whichever is later, appeal to the county board of taxation by filing with it a petition of appeal;
>
> [N.J.S.A. 54:3-21(a)(1) (emphasis supplied).]

The statute permitted a taxpayer to appeal the assessed valuation of the taxpayer's own property as well as permitting a taxpayer in a county to appeal the assessed valuation of another taxpayer's property within that county, thus "third-party appeals".

Effective February 21, 2021, however, the relevant portion of the statute was amended to read as follows:

> a. (1) Except as provided in subsection b. of this section a taxpayer feeling aggrieved by the assessed valuation or exempt status of the taxpayer's property or a taxing district which may feel discriminated against by the assessed valuation or exempt status of property in the taxing district, or by the assessed valuation or exempt status of property in another taxing district in the county, may on or before April 1, or 45 days from the date the bulk mailing of notification of assessment is completed in the taxing district, whichever is later, appeal to the county board of taxation by filing with it a petition of appeal;
>
> [L. 2021, c. 17, sec. 6]

The import of the revision to the statute was to eliminate the ability of a taxpayer to file a third-party appeal at the county board. The legislative history of the amendment to N.J.S.A. 54:3-21 above indicates that the then proposed amendment "prohibits taxpayers from filing property tax appeals with respect to the property of others." Sponsor's Statement to A. 1135 12. Thus, from and after February 22, 2021, third party appeals were no longer cognizable before a county board or before the Tax Court.

8

B. Brick's motion to dismiss the 2020 Appeals pending in the Tax Court

As noted, prior to February 22, 2021, third party appeals, whether made to a county Board or to this court was contemplated and allowed by N.J.S.A. 54:3-21. The 2020 appeals were filed long before the amendment to N.J.S.A. 54:3-21 eliminating such third-party appeals and are therefore cognizable before the Tax Court. Accordingly, the court denies defendant Brick's motion to dismiss the 2020 appeals.

C. Defendants' motions to dismiss the 2022 and 2023 appeals pending in the Tax Court

Defendants argue that it is clear that N.J.S.A. 54:3-21, as amended, deprived the County Board of jurisdiction to hear the third-party appeals filed by plaintiffs for tax years 2022 and 2023. L. 2021, c. 17, sec. 6. Consequently, they maintain that the Tax Court had no jurisdiction to hear appeals of the County Board's judgments. Defendants' therefore argue that the 2022 appeals and the 2023 appeals must be dismissed for lack of jurisdiction.

Plaintiffs do not suggest that their third-party appeals may be heard by the Tax Court. In fact, plaintiffs concede that such actions are not cognizable before county boards and the Tax Court. There was no argument made that the amendment to the statute eliminated the ability of a taxpayer to bring an action in the nature of a third-

9

party appeal in any court.[6]  However, in opposition to defendants' motions to dismiss, plaintiffs argue that their third party appeals are actions in lieu of prerogative writs and should be transferred to the Law Division.  In making such arguments plaintiffs relied upon <u>Alid</u> and on <u>W. Milford Twp. v. Garfield Recreation Comm., Inc.</u>, 91 N.J. 233 (1982).

While neither case is on point, those cases do provide guidance.  In <u>Alid,</u> our Supreme Court stated that:

> when relief in lieu of a prerogative writ is sought with respect to any matter then pending in the Tax Court involving a state or local tax, including enforcement of an order or judgment of the Tax Court or county board of taxation, the action shall be transferred to the Superior Court, Law Division . . .
>
> [Alid, Inc., v. North Bergen Twp., 89 N.J. 388, 389 (1981).]

In <u>Garfield Recreation</u>, the court reiterated its position set forth in <u>Alid</u> with respect to the transfer of a prerogative writ action filed in Tax Court.

Although the court concurs that plaintiffs' 2022 and 2023 appeals should be transferred to the Law Division, the court rejects plaintiffs' broad contention that a matter otherwise cognizable before the Tax court is transferrable to the Law Division.  While the Tax Court does not have prerogative writ jurisdiction, an action

---

[6]  It could be argued that the intent of the legislature was to eliminate third-party appeals in their entirety in any court, including actions in lieu of prerogative writs.  The court does not address the issues as they were not raised and argued before it.

10

brought under N.J.S.A. 54:51A-1(a) is not an action in lieu of prerogative writ. Berkeley Arms Apartment Corp. v. City of Hackensack, 7 N.J. Tax 457, 464 (Tax 1985). Neither Alid nor Garfield support such a conclusion.

In Alid, the issues under appeal, as framed by the Appellate Division from which the appeal was taken, related to a motion before the Tax Court: "1) to restrain the township and its governing body from adopting its preliminary or final 1980 budget pending further order of the Tax Court, and (2) to compel and direct the governing body to include in the 1980 budget specific line items permitting payment of the refunds." Alid, Inc., 180 N.J. Super. at 594. After an extensive review of the history of the creation of the Tax Court, the court found that the Tax Court had no jurisdiction to grant the relief requested by the plaintiffs. Id. at 599. It was this decision of the Appellate Court's decision to transfer the matter to the Law Division to be heard as an action in lieu of prerogative writ which was affirmed by our Supreme Court. 89 N.J. 388.

The facts of Garfield, as illuminated by the decision of the Appellate Division issued in that matter after the Supreme Court's remand to that court, support the view that only actions not cognizable in the Tax Court were the basis for the transfer of the matter to Law Division. West Milford Twp. v. Garfield Recreation Comm., Inc., 194 N.J. Super 148 (App. Div. 1983). The Appellate Court's recitation of the procedural history of that matter demonstrates that the reason for the transfer to the

Law Division was the court's determination that the court's prior remand to the Tax Court was improper because "appeals from DEP determinations made pursuant to N.J.S.A. 54:4-3.63 et. seq., should properly be heard in the Appellate Division." Id. at 154. It is therefore clear that neither issue in Alid nor Garfield concerned a tax appeal otherwise properly heard in the Tax Court. Instead, both matters involved issues which were at all times matters properly heard in the Law Division over which the Tax Court had no jurisdiction. Thus neither decision supports plaintiffs' generalized contention that all matters brought before the Tax Court may be transferred to Law Division as prerogative writ actions.

Neither Alid nor Garfield involved an issue otherwise cognizable in the Tax Court and properly heard in this court. Generally, "any party who is dissatisfied with the judgment action or determination of the county board of taxation may seek review . . . in the Tax Court pursuant to the rules of court." N.J.S.A. 54:51A-1(a). Further "[t]he Tax Court shall have initial review jurisdiction of all final decisions . . . of a County Board of Taxation." R. 8:2(a). Here, the County Board was deprived of the jurisdiction to review plaintiffs' 2022 and 2023 third-party appeals by virtue of the amendment to N.J.S.A. 54:3-21 effective after February 22, 2021, L. 2021, c. 17, sec. 6. Absent such jurisdiction, an appeal of the judgment of the County Board is not cognizable in this court. Because plaintiffs' third party tax appeals for 2022 and 2023 are not cognizable in the Tax Court, the court finds they should be

transferred to the Law Division.  See R. 1:13-4(a).  The court will enter an order transferring the 2022 and 2023 appeals to the Law Division.[7]

III. **Conclusion**

For the foregoing reasons, the court:

a. Denies defendant Brick Township's motion to dismiss the 2020 appeals pending in the Tax Court; and

b. Denies defendants' motions to dismiss the 2022 and 2023 appeals now pending in the Tax Court, but instead transfers them to the Superior Court, Law Division.

---

[7] It is unclear why plaintiffs seek to transfer these matters to the Superior court as they have already filed as actions in lieu of prerogative writs under R. 4:69 identical challenges to the assessments for tax years 2022 and 2023.  See n.1.  In other words, the actions plaintiffs seek to transfer to the Superior Court are already pending there.  The court also notes that the actions filed by plaintiffs in the Superior Court, as well as defendants' motions to dismiss, raise several issues of concern which the court believes are of first impression, including the procedural conundrum of resolving a traditional local property tax appeal in a summary proceeding under R.4:69, and the determination of the date that the right being review accrued; and therefore the filing deadline.  In this regard, R. 4:69-6 provides none of the finite dates set forth in N.J.S.A. 54:3-21 for the filing of tax appeals.  The determination of when the right to review accrues under R. 4:69-6 may implicate the application of a number of statutory provisions, including but not limited to N.J.S.A. 4:38-1 (requiring the mailing of "Chapter 75" notices to be accomplished by February 1 for the tax year; N.J.S.A. 54:4-55 (setting June 3 as the date for the certification of the assessor duplicates); N.J.S.A. 54:4-38 (requiring the assessor to give "public notice by advertisement" in a newspaper at least ten days prior to the filing of the complete assessment list with the County Board).  Its resolution requires a thoughtful and comprehensive review in the appropriate forum.