THE PORT OF NEW YORK AUTHORITY, PLAINTIFF-RE-
SPONDENT, v. THE ESSEX COUNTY BOARD OF TAXA-
TION, THE MAYOR AND CITY COUNCIL OF THE CITY
OF NEWARK, *ET AL.*, DEFENDANTS-APPELLANTS.

Argued November 8, 1965—Decided December 6, 1965.

*Mr. Norman N. Schiff* argued the cause for appellants Mayor and City Council of the City of Newark, *et al* (*Mr. Steven S. Radin,* of counsel and on the brief).

*Mr. Joseph A. Hoffman,* Deputy Attorney General, argued the cause for appellant Essex County Board of Taxation (*Mr. Harold Leib,* Deputy Attorney General, of counsel and on the brief; *Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney).

*Mr. Francis A. Mulhern* argued the cause for respondent (*Mr. Sidney Goldstein,* of the New York bar, of counsel).

The opinion of the court was delivered

PER CURIAM. The ultimate issues are (1) whether certain real property leased by the City of Newark (herein City) to the Port of New York Authority (herein Port Authority) is subject to local taxation beginning with the year 1960, and (2) if so, whether the Port Authority is liable for the taxes so imposed.

The litigation has been snarled procedurally. It began before the Essex County Board of Taxation which found the property should be assessed for taxation with the Port Authority listed as "owner." The Port Authority appealed to the State Board of Taxation where its appeals have yet to be heard. The Port Authority also instituted an action in the Law Division of the Superior Court wherein it assailed the jurisdiction of the County Board of Taxation to fix liability as between the City and the Port Authority. The Port Authority prevailed in that suit and the City's appeal is now before us. The City also sued in the Chancery Division of the

Superior Court, and its appeal from an adverse judgment is now before the Appellate Division.

The situation is somewhat unique and perhaps for that reason the litigants have been locked in unproductive procedural disputes. To begin with, the City did not want the property to be taxed if the Port Authority need not pay, but as matters developed the taxes have been levied and the City has had to remit to the County the share due it. The County Board of Taxation, which was asked by an official of the City to tax the property as omitted property, did not have jurisdiction of all phases of controversy between the City and the Port Authority. The County Board did have jurisdiction to decide whether under statute the lessee interest of the Port Authority was assessable with liability in the Port Authority for the tax, an issue which of course directly concerned the Port Authority. The County Board also had jurisdiction to decide whether the fee itself is assessable but in that connection the County Board could not decide whether the City is entitled to be saved harmless or indemnified by the Port Authority either under the terms of the lease or upon some legal principle. Yet, since the City does assert a claim over against the Port Authority, it is at least appropriate to give the Port Authority a chance to be heard before the administrative tribunal upon the question whether the fee is assessable against the owner, the City. Conceivably some fact findings upon which taxability may depend may also be material in the controversy between the City and the Port Authority, and, if that should be so, the City would seek a procedure whereunder the Port Authority would be bound in a subsequent suit by such fact findings.

██ We are always reluctant to by-pass the administrative process in the area of taxation, but under these unusual circumstances the public interest will be advanced by this disposition: We will remand the matter to the Law Division with directions to hear *de novo* the entire controversy as to all years involved, including the issues before the State Board of Taxation and the issues in the Chancery suit. The appeals

before the State Board of Taxation shall be concluded by such judgment as may ultimately be made in the within proceedings. The parties shall apply to the Appellate Division for a vacation of the judgment in the Chancery action and for its remand, whereupon that suit shall be consolidated with the law action. Any third party who has appeared in the administrative proceeding may be heard in the consolidated action to the extent of such party's interest. A pretrial conference shall be held promptly and the cause shall be tried without a jury. Any appeal from the final judgment in the Law Division may be brought directly to us.

So ordered.

*For remandment*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN —7.

*Opposed*—None.