192 N.J. Super. 329 (1983)
470 A.2d 5
EXXON CORP., A CORPORATION OF STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
TP. OF EAST BRUNSWICK; TP. OF OLD BRIDGE; AND TP. OF WOODBRIDGE, INDIVIDUALLY AND AS CLASS REPRESENTATIVES OF ALL TAXING JURISDICTIONS IN STATE OF NEW JERSEY IN WHICH UNDERGROUND FUEL STORAGE TANKS OF PLAINTIFF ARE LOCATED; BD. OF TAXATION OF MIDDLESEX CTY., AND SIDNEY GLASER, DIR., DIV. OF TAXATION, DEFENDANTS-RESPONDENTS. EXXON CORP., A CORPORATION OF STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
TP. OF EAST BRUNSWICK; TP. OF OLD BRIDGE; AND TP. OF WOODBRIDGE, INDIVIDUALLY AND AS CLASS REPRESENTATIVES OF ALL TAXING JURISDICTIONS IN STATE OF NEW JERSEY IN WHICH UNDERGROUND FUEL STORAGE TANKS OF PLAINTIFF ARE LOCATED, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 24, 1983.
Decided November 16, 1983.
*331 Before Judges BISCHOFF, PETRELLA and BRODY.
Sheppard A. Guryan, argued the cause for appellant (Lasser, Hochman, Marcus, Guryan and Kuskin, attorneys; Sheppard A. Guryan, of counsel; Bruce H. Snyder, on the brief).
Bertram E. Busch argued the cause for respondent Tp. of East Brunswick (Busch and Busch, attorneys).
Richard F. Plechner argued the cause for respondent Tp. of Old Bridge.
*332 Maureen Adams, Deputy Attorney General, argued the cause for respondent Div. of Taxation and Middlesex Cty. Bd. of Taxation (Irwin I. Kimmelman, Attorney General of State of New Jersey, attorney; Deborah Poritz, Deputy Attorney General, of counsel).
No one appeared for respondent Tp. of Woodbridge. Alfred F. Russo, attorney for respondent Tp. of Woodbridge, joins in the brief filed by the Attorney General on behalf of the Dir., Div. of Taxation and the Middlesex Cty. Bd. of Taxation and the brief filed by Bertram E. Busch on behalf of the Tp. of East Brunswick.
The opinion of the court was delivered by BISCHOFF, P.J.A.D.
This is a consolidated appeal from the dismissal of plaintiff's actions pending in the Superior Court and in the Tax Court. The appeal raises basic procedural issues.
Plaintiff Exxon Corporation, as part of its business, owns 394 gasoline service stations in 218 municipalities in all 21 counties of the State of New Jersey. It also leases land in 102 municipalities on which 138 service stations are built. In addition, it furnishes equipment including fuel storage tanks to operators at an additional 348 service stations in 216 municipalities. Plaintiff alleges it is liable for all property taxes on the service stations it owns and is liable, either directly or by contractual agreement, for all real and personal property taxes on the stations it leases.
Pursuant to a special ruling issued in 1966 by defendant Director of the Division of Taxation (Director), underground fuel storage tanks have been treated as tangible personal property used in a business, and as such, are taxable under the New Jersey Business Personal Property Tax Act. N.J.S.A. 54:11A-1 et seq.
On Oct. 20, 1981 the Director issued a letter addressed to "all assessors, county boards of taxation ... also all gasoline companies *333 involved" that as of Jan. 1, 1982 all "underground fuel storage tanks are to be assessed locally as real property" and "not as personal property for State Business Personal Property Tax purposes." The reason for the change in position was stated to be "to clarify the taxing authority for such tanks and eliminate the possibility of their duel [sic] or double taxation."
On Nov. 12, 1981 the Middlesex County Board of Taxation issued a bulletin addressed to all assessors providing "This is to advise you that the Board hereby orders that all underground fuel storage tanks are to be assessed for the 1982 tax year."
In Nov. 1981 plaintiff was notified by the township assessor for the defendant East Brunswick Township that real property assessments had been increased for the year 1982 to include the value of the fuel storage tanks on the property. Plaintiff also alleges it received notice of similar increases from 24 taxing districts.
The mandate contained in the Director's letter of Oct. 20, 1981 became effective as an amendment to N.J.A.C. 18:24-24.2 on April 5, 1982. It provided that underground fuel storage tanks and the concrete poured to prevent them from floating were no longer to be deemed personal property for the purposes of the sales tax act.
On June 9, 1982 plaintiff filed a four-count complaint in the Tax Court against three townships, the Middlesex County Board of Taxation and the Director. In the first count plaintiff sought an order a) certifying the suit as a class action and designating the named municipalities as representatives of all taxing jurisdictions within the State in which plaintiff owns or leases service stations having underground fuel storage tanks; b) declaring the storage tanks not subject to local property taxes but taxable by the State as business personal property, and c) directing that all municipal assessments on its fuel storage tanks be vacated and that all class members be enjoined from assessing the storage tanks. In its second count plaintiff sought an order declaring the Director's Oct. 20, 1981 determination invalid, *334 null, void and unenforceable. The third count sought a declaration invalidating the amendment to N.J.A.C. 18:24-24.2 regarding the classification of fuel tanks for sales tax purposes, and the fourth count sought to have all additional assessments for 1982 vacated because the change in policy had been made after Oct. 1, 1981, the assessment date for the tax year 1982.
Thereafter plaintiff filed a complaint in the Superior Court naming as defendants only the three townships participating in the Tax Court matter. The complaint contained two counts essentially duplicating counts one and four of the Tax Court complaint.
Both complaints were assigned to the Tax Court for disposition. After hearing arguments on cross-motions the Tax Court judge, in an opinion reported at 5 N.J. Tax 216, dismissed the complaint pending in the Tax Court for lack of jurisdiction. He held the statutory authority of the Tax Court was limited to a review of "assessment determinations and other determinations of county board of taxation." N.J.S.A. 54:2-35; N.J.S.A. 54:2-39; 5 N.J. Tax at 222. Also, while a taxpayer may go directly to the Tax Court if an assessment in excess of $750,000 is challenged, N.J.S.A. 54:3-21, Id. at 222, there was no such assessment challenged here so the original jurisdiction of the Tax Court under that statute was not involved. Plaintiff's complaint was held not to assert a claim for relief included within the general jurisdiction of the Tax Court, N.J.S.A. 2A:3A-1 et seq, and therefore, jurisdiction to modify the 1982 assessments without a prior review by the county boards of taxation was lacking. Exxon, supra, 5 N.J. Tax at 222-223.
The judge also dismissed the Superior Court action because the plaintiff had failed to exhaust its administrative remedies by not first appealing the assessments to the County Board of Taxation. He denied plaintiff's application to certify the suit as *335 a class action and judgments dismissing both actions were entered. Exxon, supra, 5 N.J. Tax at 231.[1]
Plaintiff challenges the dismissal of the Tax Court complaint on two grounds. First, it contends the Tax Court does have jurisdiction to hear its challenge to local assessments and, secondly, it argues the Tax Court has jurisdiction over its challenge to the validity of the Director's Oct. 20, 1981 directive and his amendment to N.J.A.C. 18:24-24.2 as well as the Nov. 12, 1981 directive of the Middlesex County Board of Taxation. Plaintiff argues that even though a determination in its favor on these issues would not provide relief from the 1982 assessments, the Tax Court had jurisdiction to rule on the challenges, and it was error to dismiss the counts of the complaint seeking this relief.
As to the first issue, we are in general agreement with the conclusions of the Tax Court judge. The Tax Court is an inferior court of limited jurisdiction designed to hear tax appeals and grant appropriate relief. N.J.S.A. 2A:3A-1. It can constitutionally exercise only that jurisdiction which the Legislature has conferred on it. Alid, Inc. v. North Bergen Tp., 180 N.J. Super. 592, 601 (App.Div. 1981), app. dism. 89 N.J. 388 (1981). The Tax Court is expressly empowered to hear and determine all tax appeals which previously were taken to the Director of Taxation of the Department of Treasury. N.J.S.A. 2A:3A-3. Practice and procedure in the Tax Court are governed by applicable court rules. N.J.S.A. 2A:3A-3; N.J.S.A. 54:2-35. The primary function of the Tax Court is to review decisions of the various county boards of taxation. N.J.S.A. 54:2-35. There is statutory enlargement of the Tax Court's jurisdiction where a taxpayer challenges an assessment in excess of $750,000 in which case a direct appeal to the Tax Court is authorized. N.J.S.A. 54:3-21. However there is here no contention of any *336 such assessment. We therefore agree that the Tax Court lacked jurisdiction to hear plaintiff's direct challenge to the 1982 assessments.
We turn to a consideration of plaintiff's claim that the Tax Court does have jurisdiction to hear its challenge to the Nov. 12, 1981 directive of the Middlesex County Board of Taxation and the Oct. 20, 1981 letter issued by the Director notifying local assessors and county boards that as of Jan. 1, 1982 all underground fuel storage tanks were to be assessed locally as real property.
R. 8:2(a) provides:
(a) General jurisdiction. The Tax Court shall have initial review jurisdiction of all final decisions including any act, action, proceeding, ruling, decision, order or judgment including the promulgation of any rule or regulation of a County Board of Taxation, the Director of the Division of Taxation, any other state agency or officer (including the Director of Division of Motor Vehicles) with respect to a tax matter, or a county recording officer with respect to the realty transfer tax. [emphasis supplied]
The letter of the Director was characterized by him as an "advisory opinion" to assessors. He said his "office [was] presently considering whether a definitive policy regarding the taxability of underground fuel storage tanks should be reflected in a formal regulation." In our opinion such a letter and the Middlesex County Board of Taxation's directive based upon it are not final determinations within the Tax Court's jurisdiction to review. N.J. Civil Service Ass'n v. State, 88 N.J. 605, 612 (1982). The Director's letter was no more than a policy announcement then still under consideration, merely an advisory opinion rather than a final agency action.
The Middlesex County Board of Taxation's announcement is similarly not a final determination appealable to the Tax Court. It is simply an order to local assessors and their compliance with that order is appealable to the county board in a challenge to the assessment. The Tax Court lacks jurisdiction to entertain the direct challenge to the letter of the Director and the directive of the Middlesex County Board of Taxation.
*337 All that remains of the Tax Court complaint is count three, plaintiff's contention that the amendment to N.J.A.C. 18:24-24.2 which changed the status of underground fuel storage tank tax from personal to real property for sales tax purposes is invalid, unenforceable, null and void. This amendment was authorized by N.J.S.A. 54:32B-24, which specifically empowers the Director "[t]o make, adopt and amend rules and regulations appropriate to the carrying out of [the Sales and Use Tax Act] and the purposes thereof; ...."
The promulgation of rules and regulations by state administrative agencies is subject to judicial review. Reviewing courts can examine these rules to determine whether they were validly adopted within the agency's authority and if the agency complied with the provisions of the Administrative Procedure Act. N.J.S.A. 52:14B-1 et seq.; New Jersey Guild of Hearing Aid Dispensers v. Long, 75 N.J. 544, 560-562 (1978).
Therefore as a final determination of the Director, this change in the regulation, N.J.A.C. 18:24-24.2, was reviewable by the Tax Court under R. 8:2(a). The Tax Court had jurisdiction to entertain this part of the plaintiff's declaratory action against the Director. Whether the regulation was properly adopted and within the agency's authority, whether the plaintiff was properly notified of the change and whether the plaintiff was affected by the regulation adversely are all questions properly addressed to that court.
Plaintiff's Superior Court action was brought against three municipalities seeking: 1) certification as a class action; 2) a declaratory judgment that the tanks were taxable as personal property rather than real property, and 3) a judgment vacating all 1982 local property assessments which included underground fuel storage tanks as real property. The Tax Court judge held that the Superior Court had inherent general jurisdiction to entertain cases pertaining to tax assessments. Exxon, supra, 5 N.J. Tax 223. He held however, that the plaintiff's failure to exhaust available administrative remedies by seeking relief in *338 the county boards of taxation precluded it from proceeding in the Superior Court. Id. at 227.
R. 4:69-5 provides:
Except where it is manifest that the interest of justice requires otherwise, actions under R. 4:69 [in lieu of prerogative writs] shall not be maintainable as long as there is available a right of review before an administrative agency which has not been exhausted.
See Ward v. Keenan, 3 N.J. 298, 308 (1949). Important considerations which support the relaxation of the exhaustion requirement include whether the case involves questions of law or fact, Nolan v. Fitzpatrick, 9 N.J. 477, 485-487 (1952), the necessity for taking evidence and making fact findings, the nature of the agency and the extent of its judgment, discretion and expertise involved, and whether pursuing administrative remedies would be futile. N.J. Civil Service Ass'n. v. State, supra, 88 N.J. at 613; Roadway Express, Inc. v. Kingsley, 37 N.J. 136, 141 (1962). The requirement of the exhaustion of administrative remedies has frequently been excused in the interest of justice in taxation cases. Port of N.Y. Auth. v. Essex County Bd. of Taxation, 46 N.J. 51, 53-54 (1965); Matawan v. Monmouth Cty. Board of Tax., 51 N.J. 291, 296 (1968); Registrar & Transfer Co. v. Director, Div. of Taxation, 166 N.J. Super. 75, 79 (App.Div. 1979) certif. den. 81 N.J. 63 (1979); City of East Orange v. Tp. of Livingston, 102 N.J. Super. 512, 519-521 (Law Div. 1968), aff'd o.b. 54 N.J. 96 (1969).
Plaintiff argues the doctrine should be relaxed here because it has underground fuel tanks in so many different municipalities and rather than consider separate appeals from each local assessment it would be more economical of judicial resources to have the entire controversy settled in one Superior Court action. Plaintiff also contends separate appeals would be futile considering the Director's letter and the amended regulation.
We agree. We are of the view that this case presents compelling reasons for by-passing the exhaustion doctrine. The number of installations; the number of municipalities and counties *339 involved, as well as the volume and number of potential appeals to the county boards of taxation and to the Tax Court provide adequate reasons for an exception to the procedural device of requiring exhaustion of available administrative remedies.
We do not suggest that the issues presented are purely legal. There is nothing before us to demonstrate that all fuel storage tanks are of the same construction or size, or installed in the same manner or integrated in the business to the same degree. The manner of assessment adopted in the municipality may be significant, that is, in some cases income capitalization or other approaches to value may be used.
The resolution of these factual questions requires the taking of evidence and the finding of facts preliminary to an ultimate determination of the legal issues. This can be more expeditiously accomplished in a single Superior Court action than in a multiplicity of county board appeals.
We finally consider appellant's contention that the trial judge erred in denying its application for certification as a defendant class action under R. 4:32-1 et seq. The judge dismissed plaintiff's Superior Court complaint for failure to exhaust administrative remedies and, in passing, commented briefly on the class action issue. We do not consider his brief statement as a definitive ruling on the issue, and we express no opinion on his comments. Exxon, supra, 5 N.J. Tax 230. The judge, upon remand, is free to reconsider that issue. In re Cadillac V8-6-4 Class Action, 93 N.J. 412 (1983); Kronisch v. Howard Savings Inst., 133 N.J. Super. 124 (Ch.Div. 1975), mod. 143 N.J. Super. 423 (App.Div. 1976). See also Note, "Defendant Class Actions," 91 Harv.L.Rev. 630 (1978).
The portion of the judgment entered in the Tax Court that dismissed the third count of plaintiff's complaint is reversed and that count is remanded for a plenary hearing. The judgment is in all other respects affirmed.
*340 The judgment dismissing plaintiff's Superior Court complaint for failure to exhaust administrative remedies is reversed and the matter remanded for further proceedings consistent herewith. We do not retain jurisdiction.
NOTES
[1] We are informed that plaintiff has since taken appeals in two counties where the contested assessments were affirmed. Appeals from those affirmances are now pending in the Tax Court.