KAHN, J.T.C.
Taxpayers filed motions seeking monetary relief against defendant municipality in the nature of legal costs and fees caused by the necessity of filing applications to compel tax refunds. In some of the applications, taxpayers also seek an award of interest on refunds claimed to be unduly delayed.
These applications mainly involve tax years 1997 and 1998, and a few involve tax years 1995 and 1996. This decision only relates to taxpayers’ applications for the aforementioned relief in tax year 1998, wherein the relevant judgments that resulted in refunds were entered by the Hudson County Board of Taxation (“HCBT”). All other applications included in this matter will be dealt with by separate opinion.
Taxpayers seek monetary relief by way of interest, legal fees, and costs arising out of judgments entered by the HCBT. The 1998 tax year cases are in fact captioned with the relevant HCBT docket number, since complaints in these matters were never filed with the Tax Court. The issue before this court is whether or not the Tax Court has jurisdiction to hear applications for relief based upon judgments entered by a county board of taxation.
This court finds that the Tax Court is not the proper forum for the following reasons: a) the Tax Court does not have jurisdiction over county board matters if an appeal is not filed with the Tax Court, and b) a complaint in lieu of prerogative writs involving a county board of taxation judgment must be filed with the Law Division of the Superior Court.
*441 The Tax Court was established as “an inferior court of limited jurisdiction designed to hear tax appeals and grant appropriate relief.” Exxon Corp. v. East Brunswick Tp., 192 N.J.Super. 329, 335, 470 A.2d 5 (App.Div.1983) certif. denied 96 N.J. 312-13, 475 A.2d 601 (1984); DSC of Newark Enter. v. South Plainfield Bor., 17 N.J.Tax 510, 514 (Tax 1997), aff’d, 17 N.J.Tax 507 (App.Div.1998). The primary purpose of the Tax Court is to hear tax appeals and other tax related matters from both state agencies and county boards of taxation. Alid, Inc. v. North Bergen Tp., 180 N.J.Super. 592, 599, 601, 436 A.2d 102 (App.Div.1981), appeal dismissed, 89 N.J. 388, 446 A.2d 126 (1981); Exxon Corp., supra, 192 N.J.Super. at 335, 470 A.2d 5.
The Tax Court is limited to the jurisdiction conferred upon it by the Legislature. Exxon Corp., supra, 192 N.J.Super, at 335, 470 A.2d 5; Alid, Inc., supra, 180 N.J.Super. at 601, 436 A.2d 102. The Legislature enacted N.J.S.A. 2B:13-2, which broadened the jurisdiction of the Tax Court. Corbacho v. Mayor & Council of Newark, 16 N.J.Tax 240, 245 (App.Div.1997). Said law provides as follows:
a. The Tax Court shall have jurisdiction to review actions or regulations with respect to a tax matter of the following:
(1) Any state agency or official;
(2) A county board of taxation;
(3) A county or municipal official.
b. The Tax Court shall have jurisdiction over actions cognizable in the Superior Court which raise issues as to which expertise in matters involving taxation is desirable, and which have been transferred to the Tax Court pursuant to the Rules of the Supreme Court.
c. The Tax Court shall have jurisdiction over any other matters as may be provided by statute.
d. The Tax Court jurisdiction shall include any powers that may be necessary to effectuate its decisions, judgments and orders.
[N.J.S.A. 215:13-2].
Furthermore, the rules governing the Tax Court state that “The Tax Court shall have initial review jurisdiction of all final decisions including any act, action, proceeding, ruling, decision, order or judgment including the promulgation of any rule or regulation of a County Board of Taxation ....” R. 8:2(a).
This court finds that neither the statute nor the rule empowers the Tax Court with jurisdiction to hear these applications unless there is a complaint filed with the Tax Court. In this *442 case, the municipality was required to pay interest of 5% per annum for refunds paid sixty days after the date of the HCBT judgments, pursuant to N.J.S.A. 54:3-27.2, but failed to pay the interest which gave rise to these applications. The municipality’s failure to pay the interest is not an action of the HCBT, as defined in N.J.S.A. 2B:13-2(a)(2), so as to confer jurisdiction upon this court. Furthermore, N.J.S.A. 2B:13-2(d) grants jurisdiction to the Tax Court to enforce the within applications only if the judgments were entered by the Tax Court. See Alid, Inc., supra, 180 N.J.Super, at 603, 436 A.2d 102. No authority exists to confer jurisdiction on the Tax Court to effectuate a decision of the county board of taxation. The Tax Court does not have jurisdiction over the 1998 HCBT judgments'if taxpayers did not appeal same to the Tax Court pursuant to N.J.S.A. 54:51A-1(a). Had the 1998 HCBT judgments been appealed to the Tax Court, the Tax Court would be vested with the appropriate jurisdiction to entertain these motions.
 The case which defined the jurisdictional parameters of the Tax Court was Alid, Inc. v. Township of North Bergen, supra, 180 N.J.Super. 592, 436 A.2d 102. In Alid, Inc., taxpayers filed post-judgment motions to the Tax Court to enforce judgments reducing assessments entered by the Division of Tax Appeals, the Hudson County Board of Taxation, and the Tax Court. Id. at 593, 436 A.2d 102. In that case, taxpayers sought orders from the Tax Court to direct the municipality to compel payment of interest, counsel fees and costs, and additionally direct the governing body on how to obtain these funds. Id. at 596-97, 436 A.2d 102. The Appellate Division held that such relief should have been a subject of a complaint in lieu of prerogative writs. Id. at 598, 436 A 2d 102. The Tax Court lacks jurisdiction to entertain actions in lieu of prerogative writs (mandamus). Ibid. The Appellate Division reasoned that such relief “in the nature of mandamus, viz., to compel the governing body to exercise discretionary functions, was, in the first instance, cognizable only in the Law Division of the Superior Court.” Id. at 603, 436 A.2d 102. Furthermore, the *443 Supreme Court dismissed on appeal from the Appellate Division’s decision and ordered that
when relief in lieu of a prerogative writ is sought with respect to any matter then pending' in the Tax Court involving a state or local tax, including enforcement of an order or judgment of the Tax Court or county board of taxation, the action shall be transferred to the Superior Court, Law’ Division
[Alid, Inc. v. Town of North Bergen, 89 N.J at 388-89, 446 A.2d 126 (1981).]
As in Alid, Inc. v. Township of North Bergen, this court was requested to order the defendant municipality to pay interest and counsel fees and costs for taxpayers’ efforts to enforce county board of taxation judgments. This court finds that the proper jurisdiction of taxpayers’ applications is not with the Tax Court of New Jersey. The New Jersey Constitution clearly states that:
Prerogative writs are superseded and, in lieu thereof, review, hearing and relief shall be afforded in the Superior Court, on terms and in the manner provided by rules of the Supreme Court, as of right ..
[N.J. Const. art. VI, § 5, ¶ 4.]
As stated in Alid, Inc., supra, the Superior Court, which includes the Appellate Division, the Law Division, and the Chancery Division, is a “court of ‘original general jurisdiction through the State in all causes’.” Id. at 601, 436 A.2d 102 (quoting N.J. Const., Art. VI, § 3, 112 and 3). Furthermore, R. 4:69-1 states that actions in lieu of prerogative writs, which are not within the Tax Courts Jurisdiction under R. 8:2, can be heard in the Law Division of the Superior Court. R. 8:2 does not authorize actions in lieu of prerogative writs in the Tax Court. Taxpayer has failed to demonstrate the existence of any other method to gain access to the Tax Court. This court, therefore, is without authority to grant the relief sought since the relevant judgments are not pending in the Tax Court and there has been no complaint filed therein.
For the aforementioned reasons, taxpayers’ motions are denied.