KAHN, J.T.C., t/a.
This is the court’s determination with respect to cross-motions for partial summary judgment. The tax years in question are 1997 through 2002. For each of the years in issue, plaintiff (taxpayer) filed appeals to the Essex County Board of Taxation contesting the subject property’s local property tax assessment and contesting the defendant’s (City’s) alleged denial of an abatement/exemption application. Following the county board’s dismissal of these claims, taxpayer timely filed appeals to the Tax Court of New Jersey. The complaints to this court contain allegations of assessment discrimination as well as allegations that the City wrongfully denied taxpayer the right to enter into a tax abatement/exemption agreement.
Taxpayer’s motion asks the court to find that the subject property, designated as Block 3511, Lots 26, 30, and 36, on the tax map of the City of Newark, is property qualifying for tax abatement under Newark Rev. Ordinances 10:23-1 to -17, which is authorized by N.J.S.A. 40A:21-1 to -21. That law permits municipalities and localities to “grant for periods of five years exemptions or abatements, or both, from taxation in areas in need of rehabilitation.” N.J.S.A. 40A:21-2. Conversely, the City’s cross-motion asks this court to deny taxpayer’s motion and to dismiss those counts in taxpayer’s complaints relating to tax abatement/exemption.
The subject property is a three-building complex with a total of 87,690 square feet, of which approximately 12,000 to 15,000 square feet is office space, and the remainder is used as a correctional facility. The architectural layout consists of dormitory rooms, a central bathroom and shower facility, a central kitchen and dining room, gym, conference rooms, security offices and a television room.
Taxpayer filed an application with the City for tax abatement pursuant to N.J.S.A. 40A:21-1, et seq. Newark Rev. Ordinances 10:23-1 to -17, on May 3,1996 and April 22, 1997. The City’s tax assessor responded to taxpayer’s May 3, 1996 application on September 20, 1996. In her correspondence, the tax assessor *525 stated that the property was not eligible for exemption under L. 1991, c. 441, because the property was neither a commercial property nor a dwelling unit[1]. The City’s corporation counsel responded to taxpayer’s 1997 application to the county board on August 26,1998. The corporation counsel’s August 26,1998 letter to taxpayer’s counsel similarly indicated that the property did not satisfy the criteria for “a commercial and industrial structure” as delineated under Newark Rev. Ordinance 10:23-2.
Taxpayer argues that the subject property does, in fact, satisfy the criteria set forth in Newark Rev. Ordinance 10:23-2 for a commercial and industrial property, and therefore, taxpayer is entitled to abatement of local property tax. In particular, taxpayer contends that the subject property is eligible for abatement because it is a “newly constructed commercial” property as defined by N.J.S.A. 40A:21-3 and Newark Rev. Ordinance 10:23-2 (emphasis added). Conversely, the City argues that taxpayer’s motion should be dismissed for the following three reasons. First, the City maintains that the subject property is not eligible for abatement because it does not fit the description of commercial or industrial structure as defined by the ordinance. Second, the City contends that the subject property does not qualify for abatement under the relevant ordinance because taxpayer added over fifty per cent of improvements to the existing structure. Finally, the City argues, regardless of whether the subject property meets the requirements for abatement under the ordinance, taxpayer’s motion should be denied because the Mayor and Council have not decided the issue and, therefore, the motion is not ripe for decision. Specifically, the City maintains that only after the Mayor and Council have reached a decision can this court decide the current motion and provide a remedy. The City’s contention is correct.
The relief that taxpayer seeks with respect to the counts in its complaints alleging wrongful denial of an abatement would *526 require this court to ultimately compel the City to enter into an abatement agreement with taxpayer for a five-year period. This form of relief is provided through an in lieu of prerogative writs proceeding. Under the New Jersey Constitution, “[p]rerogative writs are superseded and, in lieu thereof, review, hearing and relief shall by afforded in the Superior Court____” N.J. Const., Art. VI, § 5, ¶ 4. Accordingly, “a complaint in lieu of prerogative writs involving a county board of taxation judgment must be filed with the Law Division of the Superior Court.” Hernandez v. West New York, 18 N.J. Tax 438, 440 (1999); see also Township of West Milford v. Garfield Recreation Committee, Inc., 91 N.J. 233, 234, 450 A.2d 557 (1982) (holding an action in lieu of prerogative writ must be transferred from the Tax Court); Central R. Co. of N.J. v. Department of Public Utilities, 7 N.J. 247, 257-58, 81 A.2d 162 (1951) (reviewing the history of actions in lieu of prerogative writ).
N.J.S.A. 2B:13-1 defines the Tax Court as one of “limited jurisdiction.” This court’s jurisdiction is limited to what is conferred upon it by the Legislature. Alid, Inc. v. North Bergen Tp., 180 N.J.Super. 592, 604-05, 436 A.2d 102 (App.Div.1981). Accordingly, the Legislature enacted N.J.S.A. 2B:13-2(a)(2), which empowers the Tax Court to “review actions or regulations with respect to a tax matter of ... a county board of taxation.” Additionally, the Legislature enacted N.J.S.A. 54:51A-1(a), which states that “any party who is dissatisfied with the judgment, action or determination of the county board of taxation may seek review of that judgment, action or determination in the Tax Court.” The New Jersey Court Rules also refer to the jurisdiction of the Tax Court under R. 8:2(a), which states that “[t]he Tax Court shall have initial review jurisdiction of all final decisions including any act, action, proceeding, ruling, decision, order or judgment ... of a County Board of Taxation.”
The counts referring to abatement/exemption in the complaints request in lieu of prerogative writs relief, and so this court, by its order of July 29, 2004, transferred those counts to the Superior Court, Essex County, Law Division, for disposition. This court retained only those counts alleging assessment discrimination. By order of the Honorable Donald J. Volkert, Jr., Acting Assignment *527 Judge of the Superior Court, Essex County, dated July 30, 2004, the in lieu of prerogative writs counts have been transferred back to the Tax Court for disposition, pursuant to N.J.S.A. 2B:13-2(b), which states that an assignment judge of the Superior Court has the authority to transfer the matter to a judge of the Tax Court, temporarily assigned to the Superior Court. See Alid, Inc. v. Town of North Bergen, 89 N.J. 388, 389, 446 A.2d 126 (1981); Township of West Milford v. Garfield Recreation Committee, Inc., supra, 91 N.J. at 234, 450 A.2d 557.
Nevertheless, this court finds that it cannot grant the judgment sought because the motion is not ripe for decision. Specifically, this court concludes that the actions by the City’s tax assessor and corporate counsel, in denying taxpayer’s application, do not constitute municipal action. The overwhelming weight of the authority states “municipalities can ordinarily act only by adoption of an ordinance or resolution at a public meeting.” City of Jersey City v. Roosevelt Stadium Marina, Inc., 210 N.J.Super. 315, 327, 509 A.2d 808 (App.Div.1986); see also Fraser v. Township of Teaneck, 1 N.J. 503, 507, 64 A.2d 345 (1949); Tumulty v. Jersey City, 57 N.J.Super. 503, 514, 155 A.2d 148 (App.Div.1959). Newark Rev. Ordinance 10:23-3(e) requires “approval by Ordinance of the Municipal Council” for an abatement to be granted. Consequently, approval or denial of an application for abatement by a municipal attorney or tax assessor does not constitute a ruling by the municipality’s governing body. See Roosevelt Stadium, supra, 210 N.J.Super. at 327, 509 A.2d 808 (stating that consent by a municipal attorney to a settlement cannot bind the governing body to the settlement). In fact, a municipality can only act “by formal action.” Ibid. In the instant case, the Mayor and Council did not take formal action or act by a resolution at a public meeting. In fact, the Mayor and Council have not heard taxpayer’s application. Consequently, this court remands the matter to the Mayor and Council of the City of Newark for disposition of taxpayer’s pending application. The court further orders that the Mayor and Council of the City of Newark reach a determination within sixty (60) days of the date of this court’s order embodying this decision. Failure to so determine within the *528 60-day period shall be considered a denial of the application. Upon receipt of the City’s determination, the parties shall communicate with this court as to whether it is necessary to reopen the summary judgment motions, which are denied herewith without prejudice.
This court retains jurisdiction.

 Both taxpayer and the City concede that the subject property is not a dwelling unit.