NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

## TAX COURT OF NEW JERSEY



**JONATHAN A. ORSEN**
JUDGE

153 Halsey Street
Gibraltar Building - 8ᵗʰ Floor
Newark, New Jersey 07101
(609) 815-2922 Ext. 54600
Fax: (973) 648-2149

September 7, 2018

Richard B. Nashel, Esq.
Nashel and Nashel, LLC
415 Sixtieth Street
West New York, New Jersey 07093

Brian E. Eyerman, Esq.
Dario, Albert, Metz & Eyerman, LLC
345 Union Street
Hackensack, New Jersey 07601

Re:  Community Bank of Bergen County v. Borough of Maywood
Docket Nos. 000961-2015; 001225-2016 and 005776-2017

Dear Counsel:

This letter constitutes the court's decision with respect to plaintiff Community Bank of Bergen County's motion to enforce litigant's rights under R. 1:10-3. Such motion requests relief to direct the defendant Borough of Maywood to transmit to plaintiff's attorney, Mr. Richard Nashel, Esq. of Nashel and Nashel LLC, a refund check made payable to 'Nashel and Nashel LLC Trust Account' as part of a property tax appeal settlement without requiring plaintiff's counsel to furnish its taxpayer identification number ("TIN"). Plaintiff maintains that the proper TIN is that of plaintiff which was submitted to defendant for payment. Defendant opposes and argues that Nashel and Nashel LLC's TIN must be provided, because defendant is obligated to issue tax information returns (Forms 1099) which mandates inclusion of such TIN. Defendant further asserts it met all of its responsibilities pursuant to the Stipulation of Settlement and that the only

1

reason for the non-issuance of the refund check is because of Nashel and Nashel LLC's missing TIN.

Based on the moving papers, the court denies plaintiff's motion due to the necessity to adhere to state and federal reporting requirements. If plaintiff wants to be refunded in full satisfaction, then either (1) Nashel and Nashel LLC must provide its TIN to defendant so that the refund check can be issued to 'Nashel and Nashel LLC Trust Account' in conformance with the terms of the Stipulation of Settlement as written; or (2) the parties must agree to an alternative payment method consistent with law and advise the court within 30 days.

**FACTS**

The following findings of facts and conclusions of law are based on the certifications and exhibits summarized in support of the parties' pleadings.

Plaintiff filed respective complaints contesting the 2015, 2016 and 2017 tax years on the grounds that defendant assessed plaintiff's properties in excess of the true or assessable value of the property. The subject properties are located at 111 West Pleasant Avenue, Maywood, New Jersey, otherwise known as Block 70, Lot 16, and 119-139 West Pleasant Avenue, Maywood, New Jersey, otherwise known as Block 70, Lot 17, for the taxable years at issue.

Both parties engaged in discussions and came to a global tax appeal settlement on or about May 5, 2017. Subsequently, the parties filed a Stipulation of Settlement for the respective tax years. The Tax Court entered a judgment for each tax year on July 11, 2017 reflecting the agreed upon assessments of the subject properties.

In the Stipulation of Settlement, the parties additionally agreed that the plaintiff waive any interest payable on any refund (provided the refund was paid within 60 days from the judgment date), and that any refund payable to the plaintiff be settled under Paragraph 7, which states that:

2

> "Refunds as a result of the settlement as set forth herein shall be made payable to 'Nashel and Nashel LLC Trust Account' and delivered to Richard B. Nashel, Esq., Nashel and Nashel LLC, 415 60th Street, West New York, NJ 07093."

Before issuing the refund, the Tax Collector of the defendant, Ashley Morrone ("Collector"), requested on September 5, 2017, that plaintiff's attorney furnish the law firm's TIN, explaining that since the refund was negotiated to be made payable to the 'Nashel and Nashel LLC Trust Account,' the law firm becomes the vendor in accordance with the defendant's Finance Office procedures. In following these procedures, defendant requires a Form W-9 and New Jersey Business Registration Certificate of all current and future vendors before releasing payment. It was further explained by the Collector that these procedures parallel the State of New Jersey's compliance with federal reporting requirements in issuing a Form 1099 for reporting and taxation. Plaintiff's attorney refused to supply the law firm's TIN.

On September 8, 2017, plaintiff's attorney requested clear, written authority - *whether statute, regulation, or official public notice from a governmental agency* – in support of defendant requesting the law firm's TIN for reporting requirements. Plaintiff's attorney claimed that since the law firm was not entitled to the refund, any Form 1099 issued by defendant showing the firm as the recipient of a refund for State of New Jersey and federal income tax reporting purposes would be incorrect.

Plaintiff then filed the instant Motion to Enforce Litigant's Rights pursuant to R. 1:10-3, directing defendant to forward the refund check payable to 'Nashel and Nashel LLC Trust Account' and use plaintiff's TIN on Form 1099. Defendant responded on November 10, 2017, explaining that in accordance with State of New Jersey and federal tax and reporting requirements, the issuance of any refund check would require that they receive the TIN for Nashel and Nashel LLC. Clarifying, defendant outlined its procedural issuance of refunds checks: where the check is

3

being issued to an attorney's trust account for further disbursement to the taxpayer, defendant requires that the attorney submit their TIN for the purchase order of the refund check. Defendant additionally explained that most municipalities in New Jersey use this standard process when issuing refund checks to attorney trust accounts.

After having an opportunity to examine Internal Revenue Code ("I.R.C.") § 6045(f) and Treas. Reg. §1.6045-5, plaintiff's attorney advised the court on November 14, 2017, explaining that because the law firm's trust account is not a payee attorney, it does not have a TIN. Further, plaintiff's attorney clarified that pursuant to the Stipulation of Settlement, the refund payment is to be paid directly to the trust account and not to the law firm. Plaintiff's attorney also suggested that the defendant designate the check payee as "Nashel and Nashel Attorneys Trust Account/FBO Community Bank of Bergen County" in response to the requirements of Treas. Reg. § 1.6045-5.

Defendant submitted a Second Response to the Taxpayer's Motion to Enforce Settlement on November 30, 2017, explaining that defendant's practice of issuing a check payable directly to attorneys and law firms, as custodians or trustees on behalf of their respective clients in connection with tax appeal matters, falls squarely within I.R.C. § 6045(f). Accordingly, defendant argues that I.R.C. § 6045(f) presents a bright line rule and clearly defines defendant's reporting requirement and plaintiff's attorney's obligation in providing the firm's TIN where the refund check is being issued to an attorney's client trust fund.

After further discussions, the parties subsequently came to an impasse and both parties asked the court to rule on the pending motion based on the submitted filings.

**ANALYSIS**

*A. Jurisdiction*

Although not raised by the parties, we begin our review by first confirming that this court has jurisdiction to address plaintiff's motion. The Tax Court is a court of limited jurisdiction, created by statute in 1978 in accordance with the Legislature's constitutional authority to establish, alter or abolish by law courts of limited jurisdiction. N.J. Const. art. VI, § 1, ¶ 1; N.J.S.A. 2B:13-1; McMahon v. City of Newark, 195 N.J. 526, 546 (2008). The Tax Court can constitutionally exercise only that jurisdiction conferred upon it by the Legislature and is constricted by its enabling statutes. Prime Accounting Dept. v. Twp. of Carney's Point, 212 N.J. 493, 505 (2013); Exxon Corp. v. East Brunswick Twp., 192 N.J. Super. 329, 335 (App. Div. 1983).

N.J.S.A. 2B:13-2 establishes the Tax Court's jurisdiction as follows:

**a.** The Tax Court shall have jurisdiction to review actions or regulations with respect to a tax matter of the following:

**(1)** Any state agency or official;
**(2)** A county board of taxation;
**(3)** A county or municipal official.

**b.** The Tax Court shall have jurisdiction over actions cognizable in the Superior Court which raises issues as to which expertise in matters involving taxation is desirable, and which have been transferred to the Tax Court pursuant to the Rules of the Supreme Court.

**c.** The Tax Court shall have jurisdiction over any matters as may be provided by statute.

**d.** The Tax Court jurisdiction shall include any powers that may be necessary to effectuate its decisions, judgments and orders.

In this case, judgment was entered upon stipulation of the parties pursuant to R. 8:9-5. The instant motion for review before this court is with respect to the effectuation of this judgment, and in connection with the defendant's obligation to file an information tax return under State of New

Jersey and federal income tax laws. Thus, the court must determine the applicability of the authority that governs information returns to effectuate the Tax Court's entered judgment. Consequently, the court finds that it has jurisdiction to hear this motion regarding the relevant reporting requirements.

*B. Information Reporting Requirements*

The determination whether to file a federal Form 1099 information return as it relates to payments to attorneys can be found in I.R.C. § 6045 and Treas. Reg. § 1.6045-5. Issuance of federal Forms 1099 is mandated by the I.R.C. and associated regulations. See I.R.C. §§ 6041, 6045, 6049.[1] Failure to issue a Form 1099 may result in penalties under I.R.C. § 6721. Moreover, if the payee fails to provide the payor with its TIN, the I.R.C. requires that any reportable payments to the payee be subject to backup withholding. I.R.C. § 3406.

The I.R.C. requires that any person who makes a payment to an attorney, regardless of whether the services are performed for the payor, report these payments to the Internal Revenue Service depending on how the payment is made. See I.R.C. § 6045(f); Treas. Reg. § 1.6045-5. Whether the defendant must issue a Form 1099 to only plaintiff, to only attorney, or to both the plaintiff and attorney, hinges on the specific circumstances of the payment. See Johnson v. LPL Fin. Servs., 517 F. Supp. 2d 1231, 1232-34 (S.D. Cal. 2007) (court provides a detailed analysis and procedure for issuing a Form 1099 to an attorney and plaintiff and outlines the options for payment with respect to a written settlement agreement).[2]

---

[1] The 1099 information returns are also required to be filed with the Director, New Jersey Division of Taxation, by payors of certain types of payments. See generally N.J.A.C. 18:35-8.1.

[2] As set forth in Johnson, to determine what, if any, Forms 1099 a payor must issue to all parties with respect to a judgment or settlement payment, the court must determine: (1) whether the payor-defendant is engaged in a trade or business; (2) whether the payment is gross income to the payee-plaintiff; and (3) the manner of payment of the settlement. Johnson, 517 F. Supp. 2d at 1233-38. The determination whether the settlement payment is income to plaintiff is beyond the scope of this motion as we are determining the information filing requirements of plaintiff's attorney's law firm and not plaintiff. Regardless of whether or not the settlement payment constitutes gross income to plaintiff, defendant is still required to issue Form 1099 to plaintiff's attorney's law firm for payments over $600.

6

Specifically, I.R.C. § 6045(f) provides in part,

(f)  Return required in the case of payments to attorneys.

(1)  In general. Any person engaged in a trade or business and making a payment (in the course of such trade or business) to which this subsection applies shall file a return under subsection (a) and a statement under subsection (b) with respect to such payment.

(2)  Application of subsection.

(A)  In general. This subsection shall apply to any payment to an attorney in connection with legal services (whether or not such services are performed for the payor).

(B)  Exception. This subsection shall not apply to the portion of any payment which is required to be reported under section 6041(a) [26 USCS § 6041(a)] (or would be so required but for the dollar limitation contained therein) or section 6051 [26 USCS § 6051].

[I.R.C. § 6045(f).]

Information reporting on payments to attorneys is further clarified in Treas. Reg. §1.6045-5 which states in part,

Except as provided in paragraph (c) of this section, every payor engaged in a trade or business who, in the course of that trade or business, makes payments aggregating $ 600 or more during a calendar year to an attorney in connection with legal services (whether or not the services are performed for the payor) must file an information return for such payments.

[Treas. Reg. § 1.6045-5.]

With respect to the clarification of how checks payable to an attorney trust fund account

are treated, Treas. Reg. § 1.6045-5(d)(4) sets forth in part,

Payment by check to an attorney means a check on which the attorney is named as a sole, joint, or alternative payee. **The attorney is the payee on a check written to the attorney's client trust fund.** However, the attorney is not a payee when the attorney's name is included on the payee line as "in

---

See I.R.C. § 6045(f); Treas. Reg. § 1.6045-5.  However, the court would be remiss not to note that as stated in <u>Johnson</u>, if some or all of a judgment or settlement payment is deemed gross income to plaintiff, and the check is made payable to only the attorney, the defendant is required to provide a Form 1099 to both the attorney and the plaintiff due to separate obligations under the I.R.C., and related regulations.  <u>Johnson</u>, 517 F. Supp. 2d at 1235-36; I.R.C. § 6041; Treas. Reg. § 1.6041-1(a)(1)(i-iii); I.R.C. § 6045(f); Treas. Reg. § 1.6045-5.

care of," such as a check written to "client c/o attorney," or if the attorney's name is included on the check in any other manner that does not give the attorney the right to negotiate the check.

[Treas. Reg. § 1.6045-5(d)(4)] (emphasis added).

As a preliminary matter, a defendant is engaged in a trade or business if defendant performs any activity for gain or profit or is a non-profit organization under I.R.C. §§ 401(c), 501(d), or 521. The terms trade or business includes the performance of the functions of a public office. I.R.C. § 7701(a)(26). Here, the defendant issuing a payment pursuant to a settlement with respect to a real estate tax appeal, meets such requirement.

Pursuant to the Stipulation of Settlement, refunds as a result of the settlement had to be paid to, and checks in this regard, had to be made payable to the 'Nashel and Nashel LLC Trust Account.' Under Treas. Reg. § 1.6045-5(d)(4), since the attorney is considered the payee on a check written to such attorney's client trust fund, defendant is required to file an information return for such attorney. In this case, the Stipulation of Settlement clearly states that any refund be payable to 'Nashel and Nashel LLC Trust Account.' Thus, Nashel and Nashel LLC is considered the payee and defendant is required to issue a Form 1099 to Nashel and Nashel LLC.

Plaintiff's attorney's concern whether the issuance of Form 1099 will be deemed income to the law firm for State of New Jersey and federal purposes may be alleviated by the clarification of the location for reporting the proceeds on the Form 1099. The manner of how the proceeds are reported on a Form 1099 are relevant with respect to the taxability and determination as income for State and federal income tax purposes.

As set forth on the Form 1099 Misc. Instructions,

> **Payments to attorneys.** The term "attorney" includes a law firm or other provider of legal services. Attorneys' fees of $600 or more paid in the course of your trade or business are reportable in box 7 of Form 1099-MISC, under section 6041A(a)(1).

**Gross proceeds paid to attorneys.** Under section 6045(f), report in box 14 payments that:

• Are made to an attorney in the course of your trade or business in connection with legal services, but not for the attorney's services, for example, as in a settlement agreement;
• Total $600 or more; and
• Are not reportable by you in box 7.

[Dept. of Treasury, Internal Revenue Service, 2018 Instructions for Form 1099-MISC.][3]

Actual payments to attorneys for services rendered should be reported in box 7, "Nonemployee compensation," of Form 1099 which will indicate that the payment is income to the attorney rather than merely gross settlement proceeds from a judgment. Id. In the alternative, under I.R.C. § 6045(f), payments made to an attorney as settlement proceeds that are not necessarily reportable as income to the attorney are reported in box 14, "Gross proceeds paid to an attorney." I.R.C. § 6045(f); Instructions for Form 1099-MISC; see also Johnson, 517 F. Supp. 2d at 1232-34 (further clarifies instructions for location of payments to attorneys considered attorney's fees in box 7 or pursuant to a settlement agreement in box 14).

As represented by the parties, the proceeds at issue pursuant to the Stipulation of Settlement are to be paid for the benefit of the plaintiff. Provided that the check is made payable to 'Nashel and Nashel LLC Trust Account' consistent with the terms of the Stipulation of Settlement, such payment appears to be reportable in box 14, "Gross proceeds paid to an attorney," as clearly enumerated in the Instructions for Form 1099-MISC and related statutes and regulations.

---

[3] Accessible at https://www.irs.gov/pub/irs-pdf/i1099msc.pdf (last visited Sep. 5, 2018).

As an alternative, plaintiff's attorney suggested that defendant issue a refund check made payable to "Nashel and Nashel Attorneys Trust Account/FBO Community Bank of Bergen County." However, Nashel and Nashel LLC is still required to provide its TIN to defendant since the law firm is still considered a payee. Id.

If the parties agreed, however, to issue a check made payable to plaintiff, "in care of" Nashel and Nashel LLC, or in a manner that the law firm is unable to negotiate the check but rather just receive the check, then defendant would not be required to provide the law firm with a Form 1099, as enumerated above. See also Treas. Reg. § 1.6045-5(f), Example 4 (which provides that if a check is made payable solely to plaintiff but only delivered to a nonpayee attorney, then defendant is not required to file an information return with respect to the attorney).

*C. Reporting Procedure*

In order for a defendant to report payments to an attorney on Form 1099, a defendant must obtain the proper TIN(s). See I.R.C. § 6109 (a)(1) (a person required to "make a return" under the provisions of the I.R.C. or the regulations "shall include in such return . . . such identifying number as may be prescribed for securing proper identification of such person"); Treas. Reg. § 1.6045-5(a)(2)(ii) (the 1099 must include the "name, address, and TIN of the payee attorney").[4]

If payment is to be made by defendant, without receiving or verifying the proper TIN of the payee, the I.R.C. requires that any reportable gross proceeds paid are subject to backup withholding. I.R.C. § 3406; see also Treas. Reg. § 1.6045-5(f), Example 6 (scenarios that with respect to a settlement payment to attorney or law firm and plaintiff, if attorney or law firm does not provide its TIN to payor-defendant, then the payor-defendant is required to withhold taxes in accordance with I.R.C. § 3406).

---

[4] Pursuant to I.R.C. § 7701(a)(41), "TIN" is defined as "the identifying number assigned to a person under section 6109."

Since the parties carefully and precisely negotiated that "[r]efunds as a result of the settlement as set forth herein shall be made payable to 'Nashel and Nashel LLC Trust Account,'" the defendant is required to use Nashel and Nashel LLC's TIN in accordance with the federal reporting requirements to reflect the settlement payment. If however, the parties are willing to re-negotiate the method of payment, the defendant can issue the Form 1099 using plaintiff's TIN.

## CONCLUSION

For the above stated reasons, plaintiff's motion is denied. In light of the foregoing, if plaintiff wants to be refunded in full satisfaction without being subject to backup withholding, Nashel and Nashel LLC's TIN must be provided to defendant so that defendant can issue the refund and the requisite Form 1099-MISC. Plaintiff's Attorney may also confer with its client and counsel for defendant, and should the parties agree to an alternative method of payment, then the court will entertain a motion to amend Paragraph 7 of the Stipulation of Settlement within 30 days to effectuate prompt refund payment.

Very truly yours,

Hon. Jonathan A. Orsen, J.T.C.

11